## ASAHEL H. WARNER
### *v.*
## SAMUEL H. OSTRANDER.

1. MEASURE OF DAMAGES — *in trespass against an officer for levying upon and selling the property of plaintiff under execution against another.* While it is true, as a general rule, that the value of property wrongfully sold on execution is the measure of damages sustained by the owner, still, that is not true except in cases where the purchaser has obtained the property.

2. A rule of more general application is, that in cases not requiring punitive damages, the loss actually sustained is the true measure.

3. So, where the property of the plaintiff was levied upon and sold under an execution against another person, but remained in the possession of the owner,

who sold it and received the benefit of the proceeds beyond the amount for which it had been sold on the execution, there being no circumstances connected with the levy and sale calling for punitive damages, the proper measure of damages in an action of trespass by the owner against the officer would be the actual damage sustained,—that is, the amount for which the property was sold on the execution.

Appeal from the Circuit Court of Kankakee county; the Hon. Charles R. Starr, Judge, presiding.

The opinion states the case.

Mr. Stephen R. Moore, for the appellant.

Mr. H. Loring and Mr. C. A. Lake, for the appellee.

Mr. Chief Justice Walker delivered the opinion of the Court:

This was an action of trespass, brought by Samuel Ostrander against Asahel H. Warner, for levying upon and selling a quantity of personal property, under an execution against Peter Ostrander. There was evidence tending to prove that the property, which consisted of grain and other farm produce, had been raised by Peter Ostrander for appellee, and, on the other side, it was urged, as a defense, that the evidence showed that the ownership in appellee was only colorable, and was claimed by him to prevent its sale for the payment of the debts of Peter Ostrander. The jury found that the property delonged to appellee, and assessed the damages against appellant at the sum of $500. A motion for a new trial was overruled, and a judgment was rendered on the verdict, to reverse which this appeal is prosecuted.

It is, among other assignments of error, insisted, that the seventh instruction given for appellee misled the jury. It is this:

"If the jury believe, from the evidence, that the personal property in question was, at the time of the levy and sale thereof, the property of plaintiff, and that the defendant is guilty of the trespass thereto as charged by plaintiff, then, as

a general rule, the plaintiff has a right to recover a verdict against the defendant for the value of the property at the time of said sale, but the jury should be governed by the circumstances as they appear in evidence, in assessing the damages, if they find for plaintiff."

In view of the evidence in this case we are clearly of the opinion that this instruction was wrong. The execution was for the sum of $384. That was the sum for which the property was sold and bid in by the purchaser. Independent of other proof, that would be the measure of the damages if the levy and sale were wrongful. There was, however, other evidence tending to show that the property was of greater value than the amount for which it was sold. But Huling, who purchased the property at the sheriff's sale, testifies, that he left it on the farm ; that the Ostranders sold and disposed of it and got the benefit of it, beyond the payment of the execution ; that he only obtained his debt, and did not remove or appropriate any portion of the property.

If this property belonged to appellee, which under the evidence seems to be doubtful, we do not see that he could have sustained any damage over and above the amount of the execution. The property was left on the farm precisely as it was before the sale occurred, and if Peter Ostrander was the agent of appellee, it was still in his possession ; was sold by him, and the presumption would be that he, as agent, accounted to appellee for the overplus. While it is true, that, as a general rule, the value of property wrongfully sold on execution is the measure of damages sustained by the owner, still that is not true except in cases where the purchaser has obtained the property. A rule of more general application is, that in cases not requiring punitive damages, the loss actually sustained is the true measure. In this case there seems to be nothing in the evidence from which it can be inferred that the levy and sale were wanton, willful or oppressive; and the true measure of damages in such a case would be the actual damages sustained by the owner. The verdict was larger than the evidence

warranted, and we think this instruction misled the jury and may have contributed to their finding. As the case will be passed upon by another jury, we deem it improper to discuss the question whether the evidence established the transaction to be fraudulent. But, for the error indicated, the judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*